[Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NETFLIX ANTITRUST LITIGATION<br><br>This Document Relates To:<br>C 07-00643<br>C 07-01266<br>C 07-00643 | No. C 07-00643 WHA<br><br>**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** |

The plaintiffs for the *Dilbeck*, *Polk-Stamps*, and *Dassa* actions ("Plaintiffs" or "these Plaintiffs") respectfully file their Response to the Court's September 28, 2007 Order to Show Cause and state as follows:

## I.   Procedural Background

The Court entered an order consolidating the *Dilbeck* and *Polk-Stamps* actions on March 19, 2007. On April 26, 2007, the Court directed these Plaintiffs to submit a proposed order regarding the management structure for class counsel, and Plaintiffs filed their proposed order on June 11, 2007. The Court has declined to enter that proposed order to this date.

By orders dated June 14, 2007 and June 15, 2007, the Court dismissed the Consolidated Complaint without prejudice on the grounds that Plaintiffs did not adequately allege patent enforcement by Netflix, and ordered Netflix to produce discovery related to its patent enforcement activities. Netflix submitted certifications by its counsel and its CEO that it found no responsive discovery on July 2, 2007.

The *Vargas v. Netflix*, No. C-07-3802 complaint was filed on July 25, 2007, and Netflix moved to relate that case to the Plaintiffs' action on August 3, 2007. None of the undersigned counsel for these Plaintiffs have communicated in any way with either the plaintiff for the *Vargas* action or his counsel, either before or after the filing of the complaint.

The Court subsequently allowed Plaintiffs to subpoena third-party Amazon and Wal-Mart for discovery limited to such patent enforcement. In order to avert a discovery dispute as to the scope of the subpoenas, Plaintiffs filed its proposed subpoenas with the Court on July 10, 2007. By its orders dated July 11, 2007 and July 13, 2007, the Court found that the subpoenas were overbroad and had to be limited to "documents and communications related to the enforcement of the two patents in suit or each of them from the issuance of the two patents in suit or each of them up to the filing of the complaint in this action." *In Re Netflix Antitrust Litig.*, No. C 07-00643 (N.D. Cal. July 11, 2007). Plaintiffs tailored their subpoenas to comply with the Court's orders.[1]

---

[1] To be specific, Plaintiffs culled questions about when Amazon and Wal-Mart first become aware of the patents in suit, communications from Netflix regarding forebearance on the enforcement of the relevant patents or the non-enforcement of the relevant patents, or relating

Amazon and Wal-Mart responded to these Plaintiffs' tailored subpoenas on July 25, 2007 and August 17, 2007 respectively, and represented to these Plaintiffs that Netflix took no action to enforce the patents in suit. Plaintiffs determined the available evidence did not justify amending their complaint and filed a letter with the Court to that effect on August 23, 2007.

The Court related the *Vargas* action to the above-titled case on August 28, 2007.

**II.    These Plaintiffs Cannot Take Any Position As to the *Vargas* Action, But There Is No Just Reason to Delay the Final Dismissal of Their Complaint**

The Court's September 28, 2007 order requires parties to show cause why "these actions should not be dismissed." *In Re Netflix Antitrust Litig.*, No. C 07-00643 (N.D. Cal. Sept. 28, 2007). In light of the evidence available to the Plaintiffs in the *Dilbeck*, *Polk-Stamps*, and *Dassa* actions, they assert that there is no just reason to delay the final dismissal of their complaint.

However, these Plaintiffs cannot take any position as to the disposition of the *Vargas* action. The Court has not appointed lead counsel in this case and so none of the undersigned counsel have any authority over – or responsibility for – the *Vargas* action. If the Court does not dismiss the *Vargas* action, these plaintiffs expressly ask the Court for a judgment that there is no just reason to delay the final dismissal of their complaint. Such judgment would provide Plaintiffs with the opportunity to immediately appeal, regardless of whether the *Vargas* action continued. *Cf.* Fed. R. Civ. P. 54(b).

**III.    There Are No Legal or Equitable Grounds To Order Notice of the Dismissal to Absent Putative Class Members**

The Court's September 28, 2007 order also requires plaintiffs to "explain why they should not be required give notice to absent putative class members." *In Re Netflix Antitrust Litig.*, No. C 07-00643 (N.D. Cal. Sept. 28, 2007). Notice is not required because the action was dismissed involuntarily, and there has been no compromise of Plaintiffs' claims with Netflix. (Indeed, Netflix has refused even to certify that Plaintiffs received complete

to the instant case, as well as licenses or agreements concerning the rental of DVDs or other matters within the relevant patents' claims.

discovery as consideration for the dismissal of this case.)

### A.   Rule 23(e) Does Not Mandate Notice

Prior to the 2003 amendments to Federal Rule 23(e), courts occasionally interpreted Rule 23(e) to require notice to putative class members when a complaint alleging a class action was voluntarily dismissed or settled. *See*, *e.g.*, Fed. R. Civ. P. 23 advisory committee notes on 2003 amendments (citing Manual for Complex Litigation (Third) § 30.41 (1995)); *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989) (citing, *e.g.*, *Shelton v. Pargo, Inc.*, 582 F.2d 1298 (4th Cir. 1978)). Even prior to 2003, "Rule 23(e) notice [was never] required where the dismissal [was] involuntary." *Id*. at 1406. *See also Brooks v. State Bd. of Elections*, 173 F.R.D. 552, 554 (S.D. Ga. 1997) ("[t]he absence of collusion is the core reason why Rule 23(e)'s notice requirement does not apply to class actions resulting in involuntary dismissal").

After the 2003 amendments, Rule 23(e) only requires courts to approve "any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified class*." Fed. R. Civ. P. 23(e)(1)(A) (emphasis added). The 2003 amendment to Rule 23 limit court approval to the claims "of a *certified class* [which] are resolved by a settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23 advisory committee notes on 2003 amendments (emphasis added). These amendments apply with equal force to the notice provisions of Rule 23(e). The current Rule 23(e) only requires for notice "to all class members who *would be bound* by a proposed settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(1)(B). Rule 23(e) does not contemplate notice to putative class members either on contested motion to dismiss nor for a dismissal prior to certification that is not binding on absent class members.

Moreover, none of the equitable rationales previously recognized for pre-certification notice are present here. "Notice . . . can be [an] extremely costly matter[] which . . . serves as a deterrent to the filing of class actions." *Simer v. Rios*, 661 F.2d 655 (7th Cir. 1981) (cited by *Diaz*, 876 F.2d at 1409). Notice was meant to deter plaintiffs "from appending frivolous, boiler plate class claims or class claims they never intend to litigate." *Diaz*, 876 F.2d at 1409

(punctuation omitted). However, Rule 23(e) also accommodated the countervailing policy in favor of individual settlement. *Id*. Because of the expense entailed in providing notice, mandating notice in every case would erect

> an almost insurmountable barrier . . . to the voluntary pre-certificated settlement of any action in which the plaintiff . . . [B]oth sides (in such an action) will be channeled into an all-out litigation of every class action issue once the complaint is filed, thereby ensuring that every action brought as a class action will be costly and time-consuming for the parties, the court, and the public.

*Shelton*, 582 F.2d at 1311. Consequently, the Ninth Circuit has found that notice is not warranted under Rule 23(e) "[a]bsent any indication that [plaintiffs] actually appended class allegations in an attempt to get favorable individual settlements . . ." *Diaz*, 876 F.2d at 1409. There is no evidence here that Plaintiffs' class allegations were frivolous or had an improper motivation, where Plaintiffs' individual claims could yield only a "very small individual recover[y] . . . that would otherwise likely not be litigated because no individual has a stake sufficient to justified because no individual has a stake sufficient to justify individual litigation" outside a class action. Manual for Complex Litigation (Fourth) § 21 (2004).

Notice to absent putative members of the class protects against "objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims." *Diaz*, 876 F.2d at 1409. This factor is not relevant where these Plaintiffs' claims were dismissed, not settled. *See id*.

Finally, "notice of dismissal protects the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action." *Id*. This rationale for pre-certification notice hinges on absent putative class members' knowledge of, and reliance on, the class action to toll the statute of limitations. *Id*. at 1411. "There has been much comment that this is a very rare circumstance – that most class-action filings do not receive the kind of public attention that could realistically lead to any reliance." Minutes of Advisory Committee on Civil Rules 16-17 (Jan. 22-23, 2002), *available at* http://www.uscourts.gov/rules/Minutes/CRAC0102.pdf. To counsel's knowledge,

this case has received no press outside of specialized legal or antitrust publications.[2] Further, the dismissal of this action at this nascent stage militates against requiring notice:

> The fact that the dismissal occurs at a very early stage of these proceedings, coupled with the absence of previous notice to any class members of the action or any indication that they are likely to know of it either because of publicity or other circumstances, eliminates concerns over possible prejudice to putative class members should the action be dismissed without notice to all class members.

*Gassie v. SMH, Ltd.*, No. 97-1786, 1997 U.S. Dist. LEXIS 13687, at *7 (E.D. La. Sept. 9, 1997). There is little reason to believe that Netflix subscribers as a whole are aware of this litigation. There is even less reason to believe that Netflix subscribers who had any interest in pursuing individual antitrust claims against Netflix have stopped following the case, are unaware of the pending dismissal, and are still deferring their individual claims in reliance thereof.

**B.     There Are No Grounds for Notice to the Class Under Rule 23(d)**

Although Rule 23(e) no longer supports notice to absent members of an uncertified class, Plaintiffs recognize that Rule 23(d)(2) still authorizes the Court to require notice in its discretion. *See* Fed. R. Civ. P. 23(d)(2). However, the Ninth Circuit has found that notice under Rule 23(d)(2) has a "limited purpose." *Pan Am. World Airways, Inc. v. United States Dist. Court for Cent. Dist. Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975). "Notice is within the court's discretion, and 'if neither loss of benefits to the class nor evidence of collusive agreement is present, notice of dismissal is unnecessary.'" *Diaz*, 876 F.2d at 1407 n.3 (quoting *Shelton*, 582 F.2d at 1310)). The argument above demonstrates that absence of notice will not prejudice the class, and the Court's involuntary dismissal of this case precludes collusion between these Plaintiffs and Netflix.

**III.   Conclusion**

Where the action has been dismissed involuntarily at this early stage of litigation, there are no grounds for ordering notice to absent putative class members under Rule 23. Taxing the costs of such notice to Plaintiffs would conflict with the avowed Congressional

---

[2] No consumers have contacted the undersigned counsel regarding this case and any consumers that do contact counsel will be informed that the case has been dismissed.

policy of encouraging antitrust suits. *See Byram Concretanks, Inc. v. Warren Concrete Prods. Co.*, 374 F.2d 649, 651 (3d 1967) (threat of "costs as a penalty for failure" in antitrust litigation would dampen "[t]he incentive which the prospect of treble damages provides for instituting private anti-trust actions"). Even if the Court does order notice and taxes the cost of that notice against Plaintiffs, there are no grounds not to allow Plaintiffs to make the notice in the most efficient, least onerous manner possible: allowing Plaintiffs to email Netflix's subscribers or to place the notice on Netflix's website.

Dated: October 5, 2007

By: /s/Ethan Preston

Scott A. Kamber
Ethan Preston
KAMBER & ASSOCIATES, LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kolaw.com
epreston@kolaw.com

Attorneys for Dennis Dilbeck, Plaintiff in
*Dilbeck v. Netflix, Inc.*, No. C 07-00643

1

2
Alan Himmelfarb
LAW OFFICES OF ALAN HIMMELFARB
3
2757 Leonis Blvd
Los Angeles, CA 90058
4
Telephone: (323) 585-8696
Fax: (323) 585-8198
5
consumerlaw1@earthlink.net

6
Attorney for Dennis Dilbeck, Plaintiff in
*Dilbeck v. Netflix, Inc.*, No. C 07-00643
7

8
Richard A. Lockridge
Robert K. Shelquist
9
Yvonne M. Flaherty
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
10
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
11
Telephone: (612) 339-6900
Fax: (612) 339-0981
12
rlockridge@locklaw.com
rkshelquist@locklaw.com
13
yflaherty@locklaw.com

14
Attorneys for Dennis Dilbeck, Plaintiff in
*Dilbeck v. Netflix, Inc.*, No. C 07-00643
15

16

Mary Jane Fait (admitted pro hac vice)
Francis M. Gregorek
Rachele R. Rickert
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
55 West Monroe Street, Suite 1111
Chicago, IL 60603
fait@whafh.com

Attorneys for Melanie Polk-Stamps and
Babacar Diene, Plaintiffs in *Polk-Stamps v.
Netflix, Inc.*, No. C 07-01266

Jayne A. Goldstein
MAGER & GOLDSTEIN LLP
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: (954) 515-0123
Fax: (954) 515-0124
jgoldstein@magergoldstein.com

Attorneys for Steven Dassa, Plaintiff in
*Dassa v. Netflix, Inc.*, Docket No. C
07-01978

17

18

19

20

21

22

23

24

25

26

27

28