[Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NETFLIX ANTITRUST LITIGATION<br><br>This Document Relates To:<br>C 07-00643<br>C 07-01266<br>C 07-00643 | No. C 07-00643 WHA<br><br>**PLAINTIFFS' RESPONSE TO THE COURT'S OCTOBER 10, 2007 ORDER** |

The plaintiffs for the *Dilbeck, Polk-Stamps,* and *Dassa* actions ("Plaintiffs") respectfully file their Response to the Court's October 10, 2007 Order and state as follows:

## I. Procedural Background

The Court dismissed the Consolidated Complaint without prejudice on June 14, 2007. The Plaintiffs informed the Court that they would not file an amended complaint on August 23, 2007. On October 10, the Court ordered the Plaintiffs "to file with the Court a plan for giving such notice to absent class members taking care to make sure that the end of these actions gets as much attention as their start" by October 17, 2007. *In Re Netflix Antitrust Litig.*, No. C 07-00643 (N.D. Cal. Oct. 10, 2007).

## II. Plaintiffs Have Executed Their Plan; Counsel Has Contacted Every Journalist They Have Identified as Publishing an Article Regarding This Action

The Court's Order indicates that Plaintiffs "are required to give notice of the termination of these actions using the same channels that were used to publicize these actions at their outset." *Id*. Plaintiffs interpret the Court's October 10, 2007 Order to require them to provide notice of the pending dismissal to the members of the press with whom they previously communicated about this action. Plaintiffs seek to counter any misimpression that they have actively courted publicity for this case. With one exception, Plaintiffs and counsel *did not initiate any contact with the press* regarding this case. (*See* Preston Decl. ¶ 2.) Other than this solitary exception, all of counsel's interactions with the press have been limited to responding to press inquiries regarding this case – in which journalists initiated contact with counsel (not the other way around). Nonetheless, Plaintiffs' counsel have contacted each journalist with whom they have communicated regarding this case (regardless of whether the journalists or counsel initiated the communication), informed them of the pending dismissal, and provided them with copies of the Court's October 10, 2007 Order. (*See* Preston Decl. ¶¶ 3-5; Kamber Decl. ¶¶ 2-4.)

In addition, Plaintiffs' counsel have searched the NEXIS database to identify articles that contain the keywords "Netflix," "Dilbeck," and "antitrust." Plaintiffs' counsel have identified the publisher and/or author responsible for each such article, and informed each

such person of the pending dismissal, as well as providing a copy of the Court's October 10, 2007 Order. (*See* Preston Decl. ¶¶ 6, 7.)

### III. Conclusion

Although Plaintiffs respectfully disagree with the Court that grounds for the ordered notice exist under either Rule 23(e) or Rule 23(d)(2), and do not waive any arguments in that regard, Plaintiffs nonetheless have gone above and beyond what the Court has ordered in an effort at judicial economy.[1] There is no just reason to delay the final dismissal of the Plaintiffs' complaint.

Dated: October 16, 2007

By: /s/Ethan Preston

Scott A. Kamber
Ethan Preston
KAMBER & ASSOCIATES, LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kolaw.com
epreston@kolaw.com

Attorneys for Dennis Dilbeck, Plaintiff in *Dilbeck v. Netflix, Inc.*, No. C 07-00643

---

[1] The rationale of the Court's October 10, 2007 order is that "since this action received some press, some absent class members may have refrained from filing their own actions because they were depending on these actions to toll the statute of limitations." *In Re Netflix Antitrust Litig.*, No. C 07-00643 (N.D. Cal. Oct. 10, 2007). These Plaintiffs respectfully disagree with this rationale and the subsequent Order requiring notice. *Vargas v. Netflix*, No. C-07-3802, is still pending, *id.*, and continues to toll the statute of limitations for all the members of the class. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352-54 (1983). Without waiving their argument against the notice required by the Court, Plaintiffs have nonetheless completed the notice plan described in this Response to further judicial economy.

Alan Himmelfarb
LAW OFFICES OF ALAN HIMMELFARB
2757 Leonis Blvd
Los Angeles, CA 90058
Telephone: (323) 585-8696
Fax: (323) 585-8198
consumerlaw1@earthlink.net

Attorney for Dennis Dilbeck, Plaintiff in
*Dilbeck v. Netflix, Inc.*, No. C 07-00643

Richard A. Lockridge
Robert K. Shelquist
Yvonne M. Flaherty
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Telephone: (612) 339-6900
Fax: (612) 339-0981
rlockridge@locklaw.com
rkshelquist@locklaw.com
yflaherty@locklaw.com

Attorneys for Dennis Dilbeck, Plaintiff in
*Dilbeck v. Netflix, Inc.*, No. C 07-00643

Mary Jane Fait (admitted pro hac vice)
Francis M. Gregorek
Rachele R. Rickert
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
55 West Monroe Street, Suite 1111
Chicago, IL 60603
fait@whafh.com

Attorneys for Melanie Polk-Stamps and
Babacar Diene, Plaintiffs in *Polk-Stamps v.
Netflix, Inc.*, No. C 07-01266

Jayne A. Goldstein, Esquire
Mager & Goldstein LLP
1640 Town Center Circle, Suite 216
Weston, FL  33326
Telephone:  954-515-0123
Facsimile:   954-515-0124
jgoldstein@magergoldstein.com

Attorneys for Steven Dassa, Plaintiff in
*Dassa v. Netflix, Inc.*, Docket No. C
07-01978

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NETFLIX ANTITRUST LITIGATION<br><br>This Document Relates To:<br>C 07-00643<br>C 07-01266<br>C 07-00643 | No. C 07-00643 WHA<br><br>**DECLARATION OF ETHAN PRESTON SUPPORTING PLAINTIFFS' RESPONSE TO THE COURT'S OCTOBER 10, 2007 ORDER** |

Declaration of Ethan Preston Supporting            1            No. C 07-00643 WHA
Plaintiffs' Response to the Court's October 10, 2007 Order

Case3:07-cv-00643-WHA   Document71   Filed10/16/07   Page6 of 9

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge. I am counsel to Dennis Dilbeck in the above-captioned action.

2. On May 18, I emailed Michael Masnick, a journalist at techdirt.com (a specialized Internet publication which covers technology-related legal news) with a brief summary of the action, and attached a copy of the complaint.

3. I have emailed Mr. Masnick 1) a statement that *In Re Netflix Antitrust Litig.*, No. C 07-00643 (which alleged that Netflix, Inc. used certain patents to exclude competition from the market for DVD rental by mail services) will be dismissed presently, pursuant to the the United States District Court for the Northern District of California October 10, 2007 order, along with 2) a copy of the Court's October 10, 2007 Order ("Notice of the Dismissal").

4. I received a phone call from Marc Tracy, a journalist employed by PortfolioMedia, and answered his questions about this litigation in or about July or August 2007. I have emailed Mr. Tracy Notice of the Dismissal.

5. I have not otherwise communicated with any journalist or otherwise publicized the above-captioned action.

6. I searched NEXIS for articles with the following keywords: "Netflix," "Dilbeck," and "antitrust" on October 10, 2007. This search yielded nine responsive articles:

   (a) Netflix antitrust class action dismissed for failure to allege patent enforcement; In re Netflix Antitrust Litig., No. 07-0643 (N.D. Cal. June 14, 2007), Class Action Law Monitor, July 15, 2007, Pg. 22, 255 words;

   (b) Netflix settles patent infringement suit against Blockbuster, Associated Press Financial Wire, June 27, 2007 Wednesday 11:19 PM GMT, BUSINESS NEWS, 636 words, By MICHAEL LIEDTKE, AP Business Writer, SAN FRANCISCO;

   (c) Netflix settles patent infringement suit against Blockbuster, The Associated Press, June 27, 2007 Wednesday 11:19 PM GMT, BUSINESS NEWS, 636 words, By MICHAEL LIEDTKE, AP Business Writer, SAN FRANCISCO;

Declaration of Ethan Preston Supporting      2                      No. C 07-00643 WHA
Plaintiffs' Response to the Court's October 10, 2007 Order

  (d) Netflix settles patent infringement suit against Blockbuster, The Associated Press State & Local Wire, June 27, 2007 Wednesday 11:20 PM GMT, BUSINESS NEWS, 636 words, By MICHAEL LIEDTKE, AP Business Writer, SAN FRANCISCO;

  (e) Netflix settles patent infringement suit against Blockbuster, The Associated Press State & Local Wire, June 27, 2007 Wednesday 11:24 PM GMT, BUSINESS NEWS, 636 words, By MICHAEL LIEDTKE, AP Business Writer, SAN FRANCISCO;

  (f) Netflix Settles Suit Vs Blockbuster, Associated Press Online, June 27, 2007 Wednesday 11:24 PM GMT, BUSINESS NEWS, 636 words, By MICHAEL LIEDTKE, AP Business Writer, SAN FRANCISCO;

  (g) ANTITRUST, TECHNOLOGY DAILY, December 8, 2006 Friday, PM EDITION, 144 words;

  (h) INTELLECTUAL PROPERTY, TECHNOLOGY DAILY, November 27, 2006 Monday, PM EDITION, 134 words; and

  (i) INTELLECTUAL PROPERTY; PATENT SUIT OVER VIDEO RENTALS TAKES A NEW TWIST, TECHNOLOGY DAILY, October 13, 2006 Friday, PM EDITION, 539 words.

7. I have arranged to have Notice of the Dismissal sent to the following email addresses and postal addresses:

  Strafford Publications, Inc. (Publisher of Paragraph 6(a))
  Postal Drawer 13729
  Atlanta, GA 30324-0729
  editors@straffordpub.com

  Michael Liedtke (Author of Paragraphs 6(b) to (f))
  c/o The Associated Press
  450 W. 33rd St.
  New York, NY 10001
  info@ap.org

  National Journal's Technology Daily (Publisher of Paragraphs 6(g) to 6(i))
  c/o Susie Bell, Media Relations, National Journal Group Inc.
  The Watergate, 600 New Hampshire Ave., NW
  Washington, DC 20037
  sbell@nationaljournal.com

8. I declare under penalty of perjury, that the foregoing is true and correct.

            DATE:  October 16, 2007

            /s/Ethan Preston
            ETHAN PRESTON

---

Declaration of Ethan Preston Supporting   3   No. C 07-00643 WHA
Plaintiffs' Response to the Court's October 10, 2007 Order

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NETFLIX ANTITRUST LITIGATION<br><br>This Document Relates To:<br>C 07-00643<br>C 07-01266<br>C 07-00643 | No. C 07-00643 WHA<br><br>**DECLARATION OF SCOTT KAMBER SUPPORTING PLAINTIFFS' RESPONSE TO THE COURT'S OCTOBER 10, 2007 ORDER** |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge. I am counsel to Dennis Dilbeck in the above-captioned action.

2. I received several email from Sheri Qualters, the Boston Bureau Chief for the National Law Journal, in late May and early June 2007. In response to her inquiries I spoke to Ms. Qualters by phone and answered her questions about this litigation in or about June 2007.

3. My office has emailed Ms. Qualters 1) a statement that *In Re Netflix Antitrust Litig.*, No. C 07-00643 (which alleged that Netflix, Inc. used certain patents to exclude competition from the market for DVD rental by mail services) will be dismissed presently, pursuant to an October 10, 2007 order of the United States District Court for the Northern District of California, along with 2) a copy of the Court's October 10, 2007 Order ("Notice of the Dismissal").

4. I have checked my email and messages for the period in question and do not believe that I have spoken or otherwise communicated with any other journalist regarding this action nor have I otherwise publicized the above-captioned action.

5. I declare under penalty of perjury, that the foregoing is true and correct.

Pursuant to Section X of the Northern District of California's General Order No. 45 on electronic case filing and 28 U.S.C. § 1746, in lieu of Scott Kamber's signature on this declaration, Ethan Preston attests that Scott Kamber is the signatory of this declaration, and that Scott Kamber concurred to this declaration on October 16, 2007.

DATE:     October 16, 2007

/s/Ethan Preston
ETHAN PRESTON